UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 26 A 9:54

U.S. DISTRICT COURT
HARTFORD, CT.

DENISE CORREA,

    Plaintiff,

V.

POSTMASTER, UNITED STATES POSTAL
SERVICE and MPO RON DEMAIDA,
individually and in his official
capacity,

    Defendants.

CASE NO. 3:03CV1049(RNC)

RULING AND ORDER

On June 12, 2003, plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against her employer, the United States Postal Service, and a coworker, Ron Demaida, alleging that Demaida sexually harassed her and the Postal Service retaliated against her for complaining about the harassment.[1] On December 17, 2003, plaintiff was ordered to show why the action should not be dismissed for failure to serve the complaint within the 120-day period permitted by Fed. R. Civ. P. 4(1). In response, plaintiff has filed a motion seeking an extension of time to make service. Plaintiff has not shown good cause for failing to comply with the 120-day requirement. However, dismissing the complaint would effectively preclude the plaintiff from pursuing her Title VII claim because a refiled claim would be time-barred, a result that

---

[1] The complaint also alleges state law claims for intentional and negligent infliction of emotional distress, breach of contract and negligent supervision.

appears to be unduly harsh. Accordingly, the motion for extension of time is granted.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." An attorney's mistake does not constitute good cause for failure to make service in a timely manner. See Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003); AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000).

In the present case, plaintiff's counsel states that service was not made in accordance with Rule 4(m) because a temporary employee in his office placed the complaint in a closed file, where it became lost. Crediting this allegation, it falls well short of showing good cause, for the temporary employee's error in misplacing the complaint in no way prevented plaintiff's counsel from fulfilling his responsibility to monitor the progress of the case and ensure that service was made in a timely manner. Accordingly, the complaint is subject to dismissal.

In the absence of good cause for failure to effect service within the prescribed period of 120 days, a district court has

discretion to extend the time for service if "the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) advisory committee's note. In this case, if plaintiff's Title VII claim were dismissed and refiled, the refiled claim would be time-barred by 42 U.S.C. § 2000e-5(f). Title VII claims are better disposed of on the merits, rather than on the basis of delay in service of process, at least when there is no undue prejudice to a defendant due to the delay. Here, plaintiff alleges that she gave timely notice of her claim to the defendants, so there appears to be no risk of causing undue prejudice to them.

Accordingly, plaintiff's motion for extension of time is hereby granted and plaintiff is directed to serve the defendants and return proof of service to the Clerk on or before March 12, 2004.

So Ordered.

Dated at Hartford, Connecticut this 25th day of February 2004.

Robert N. Chatigny
United States District Judge