UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*********************************************
DENISE CORREA,
    Plaintiff

v.

POSTMASTER, U.S. POSTAL
SERVICE and MPO RON DEMAIDA
individually and in his
official Capacity,
    Defendants
*********************************************

CIVIL NO. 303 CV01 049(RNC)

JURY TRIAL REQUESTED

MAY 7, 2004

## MOTION TO AMEND ORIGINAL PRE-TRIAL DEADLINES AND FOR SCHEDULING ORDER(S)

Plaintiff, through counsel undersigned, hereby moves this Court to amend the original Pretrial Deadlines of June 13, 2003 and for the necessary scheduling orders. (Exhibit A) In support of this Motion, Plaintiff represents as follows:

1. This matter came to this Court on or about June 12, 2003.

2. Service was not made on the defendant until March 2004, because the complaint had inadvertently been placed in a closed file.

3. This Court subsequently ordered service on the defendant and return of proof of service to this court by March 12, 2004.

4. Service was made on the defendant Post Office in accordance with this Court's orders and the matter returned to court.

5. Discovery could not be conducted on time, given what had previously transpired.

1

6. This is a Title VII action wherein the Plaintiff alleges among other things quid pro quo sexual harassment and retaliation. To deny the Plaintiff a hearing on the merits of her case, and her day in court, would be to leave her bereft of any remedy, and undermine the broad remedial and beneficent purposes of the anti-discrimination statute(s) of which she seeks to avail herself.

7. Plaintiff submits herewith a proposed Form 26(f) report, which would require completion of discovery within the next six (6) months. Such discovery is of crucial importance to the plaintiff in this case. (Exhibit B)

8. Counsel is also in the process of finalizing his initial disclosure and other pleadings and commits to a vigorous prosecution of this matter.

9. There exist good cause to amend the deadlines.

10. There exists in this case greater likelihood of prejudice to the plaintiff's rights than to the defendant Post Office. The granting of this motion prejudices neither party.

In the event that defendant wishes to dispute the issues involved herein, Plaintiff reserves the right to submit the appropriate supporting memorandum of law under L. Civ.R.7.

WHEREFORE: Plaintiff respectfully moves this Court to amend the aforementioned pretrial deadlines.

                                    THE PLAINTIFF
                                    DENISE CORREA

BY: _____
                                    Caleb M. Pilgrim
                                    Law Offices of Caleb M. Pilgrim, LLC
                                    1404 Whalley Avenue - 2nd Floor
                                    New Haven, CT 06515
                                    Tel: 203-387-2524
                                    Fed. Bar No. ct 14857

## CERTIFICATION

This is to certify that the a copy of the foregoing was mailed, postage prepaid, this 7th day of May 2004 to:

Attorney Anna V. Crawford
Special Assistant U.S. Attorney
8 Griffin Road North
Windsor, CT 06006-0170

                                    _____
                                    Caleb M. Pilgrim

# EXHIBIT A

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

6/13/03

Kevin F. Rowe, Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**303CV01049**

ORDER ON PRETRIAL DEADLINES: Civil Action No. _____ (RNC)

(a) In accordance with Local Civil Rule 26(e), within 30 days of the appearance of a defendant, the parties must confer for the purposes described in Fed. R. Civ. P. 26(f). Within 10 days thereafter, the parties must jointly file a report using Form 26(f), which appears in the Appendix to the Local Civil Rules. The report will be used to establish a scheduling order, which will include a date by which the case must be ready for trial.

(b) Before a party files a motion to dismiss or a motion for summary judgment, a prefiling conference will be held. A party wishing to file such a motion must submit a letter to chambers requesting a prefiling conference and briefly describing the nature and basis of the proposed motion. The letter must be submitted no later than 45 days before the discovery deadline. Failure to request a prefiling conference will result in the waiver of the right to file a motion. Except in cases involving pro se parties, no request for a prefiling conference may be submitted unless the attorney making the request has conferred with other counsel of record and discussed the proposed motion in a good faith effort to clarify the issues, eliminate or reduce the area of controversy and arrive at a mutually satisfactory resolution. Cf. D. Conn. L. Civ. R. 37(a)2 (requiring counsel to confer before filing motions relating to discovery disputes). Except in cases involving pro se parties, any request for a prefiling conference must include a statement that the attorney submitting the request has conferred with other counsel and must briefly describe the results of the conference.

(c) In accordance with Fed. R. Civ. P. 16(b), motions for modification of the dates set forth in the scheduling order issued pursuant to the parties' 26(f) report will not be granted except for good cause. This standard requires a particularized showing that the scheduling order could not be complied with despite due diligence on the part of the party seeking the modification. Any such motion must be filed in writing at least five days before expiration of the date in question.

(d) Formal discovery pursuant to the Federal Rules of Civil Procedure may commence once the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery must be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

A copy of this Order must be served by the plaintiff on all defendants.

Kevin F. Rowe
Clerk of the Court

(Rev. 1/2/03)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD | 14 COTTAGE PLACE |
| --- | --- | --- | --- |
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 | WATERBURY, CT 06702 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 | (203) 597-6311 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE ROBERT N. CHATIGNY WHO SITS IN HARTFORD. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN HARTFORD. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R. 3(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION. SEE D.CONN. L. CIV. R. 7(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D.CONN. L. CIV. R. 56. A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 56(a) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 56(a)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 56(a)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 56(a)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 56(a)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 56(a)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.

(Revised 1/2/03)                                                                                                                                                                (OVER)

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

ANY NONGOVERNMENTAL CORPORATE PARTY TO AN ACTION IN THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT WITHIN A REASONABLE TIME OF ANY CHANGE IN THE INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF SERVICE TO THE STATEMENT IN COMPLIANCE WITH LOCAL RULE 5(b).

COUNSEL FOR PLAINTIFF OR REMOVING DEFENDANT SHALL BE RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL PARTIES TO THE ACTION.

>BY ORDER OF THE COURT
>KEVIN F. ROWE, CLERK

Revised 1/2/03

United States District Court
District of Connecticut
Kevin F. Rowe, Clerk

| 141 Church Street | 450 Main Street | 915 Lafayette Blvd. |
| New Haven, CT 06510 | Hartford, CT 06103 | Bridgeport, CT 06604 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 |

# HELPFUL HINTS FOR COUNSEL

1. Do make sure filings have original signatures, name, address and federal bar number printed beneath. (We prefer blue ink so we know it isn't a photocopy.) Each pleading must include a certificate of service.

2. Do not sign pleadings unless you have filed an appearance.

3. Do let us know if you have an address change in accordance with Local Rule 83.1(c)3. Just putting a different address on an appearance is not enough.

4. Do file pleadings in the correct seat of court.

5. Do include the judges initials after the case number.

6. Do not staple separate documents together.

7. Do not submit documents in a 3-ring binder, unless directed by a judge.

8. Do file original signed documents with only one case number, unless a consolidation order is entered by the court.

9. Do two-hole punch filings at the top center, especially big ones.

10. Do not use "blue backs" on your pleadings. They are not used in our court.

11. Do not file motions with titles that are so confusing that no one can figure out what relief you are seeking.

12. Do not send courtesy copies unless ordered by the judge.

13. Do call us if you have any questions, we are here to help you.

(Revised 1/2/03)

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DENISE CORREA, | \* | |
|     Plaintiff | \* | CIVIL NO. |
| v. | \* | |
| | \* | |
| POSTMASTER, U.S. POSTAL | \* | |
| SERVICE and MPO RON DEMAIDA | \* | JURY TRIAL REQUESTED |
| individually and in his | \* | |
| official Capacity, | \* | |
|     Defendants | \* | MAY 7, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FORM 26(F)
### PRELIMINARY DRAFT REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: The Complaint was filed on or about June 2003.

Date Complaint Served: Defendant was served on about March, 2004.

Date of Defendant's Appearance: May 3, 2004.

Pursuant to Fed R. Civ. P 16(b) and D. Conn. L. Civ. R. 38, a conference was held on May ___, 2004. The participants were:

- Caleb M. Pilgrim for Plaintiff, Denise Correa.

- Anna V. Crawford for Defendant, United States Postal Service.

I. **Certification**

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **Jurisdiction**

    (A)    This complaint alleges Title VII sexual harassment and retaliation. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    **(B)**    Personal Jurisdiction: The Court has jurisdiction over all parties.

III.    **Brief Description of Case**

    (A)    Claims of Plaintiff:

    The Plaintiff claims that the defendant sexually harassed her and discriminated against her on the basis of her gender in violation of Title VII. Plaintiff further claims that the defendant is liable for negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent supervision.

    (B)    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

    (C)    Defenses and Claims of Third Party Defendants:

    N/A

IV.    **Statement of Undisputed Facts**

    Counsel certify that they have made a good faith attempt determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    1.    Plaintiff is a female employee of the Defendant.

    2.    Plaintiff began working for the Defendant on or about September 14, 1998.

3. Plaintiff worked under the supervision of MPO Ron DeMaida.

4. Plaintiff submitted a formal letter of resignation on or about June 3, 2000 and her employment with the Defendant ended, June 5, 2000, as the Defendant advised the plaintiff that her resignation was accepted and that she would be paid in lieu of working during the two-week notice period.

V. **Case Management Plan**

   (A) Standing Order on Scheduling in Civil Cases

   The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases [as follows]:

   (B) Scheduling Conference with the Court

   The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   (C) Early Settlement Conference

   1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this tine.

   2. The parties request an early settlement conference.

   3. The parties prefer a settlement conference with a Magistrate Judge.

   4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

   (D) Joinder of Parties and Amendment of Pleadings

3

   (i) Plaintiffs should be allowed until June 15, 2004 to file motions to join additional parties and until June 30, 2004 to file motions to amend the pleadings.

   (ii) Defendants should be allowed until July 15, 2004 to file motions to join additional parties.

E. Discovery

   (i) The parties anticipate that discovery will be needed on the following subjects:

   By the Plaintiff:

- Plaintiff's work history with the defendant.

- Plaintiff's supervisors' work history with the defendant.

- Defendant's policies, procedures and practices concerning harassment and discrimination in the defendant's workplace.

- Any and all of the Defendant's actions to remedy Plaintiff's Complaints, including disciplinary action of the plaintiff's supervisors.

   By the Defendant:

- Plaintiff's allegations of harassment.

   Plaintiff's efforts to exhaust administrative remedies.

- Defendant's response to the Plaintiff's complaints.

- Plaintiff's medical history.

- Plaintiff's efforts to mitigate her damages.

4

2. All discovery, including depositions of expert witnesses pursuant to Fed R. Civ. P. 26(b)(4), will be commenced immediately and completed by November 7, 2004.

3. Discovery will not be conducted in phases.

4. N/A.

5. The parties anticipate that the plaintiffs will require a total of 3 depositions of fact witnesses and that the defendants will require a total of --- depositions of fact witnesses. The depositions will commence by May 15, 2004 and all be completed by November 15, 2004.

6. The parties may request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff may call expert witnesses on trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed R. Civ. P 26(a)(2) by August 31, 2004. Depositions of such experts will be completed by September 30, 2004.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P 26(a)(2) by

5

October 30, 2004. Depositions of such experts will be completed by November 15, 2004.

9. Any party who has a claim or a counterclaim for damages will provide a damages analysis by August 31, 2004.

10. Parties hereto agree to comply with Rule 26(a)(1) Initial Disclosures within thirty (30) days following today's date.

F. Dispositive Motions

Dispositive motions will be filed within thirty (30) days of the close of discovery.

G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than sixty (60) days after the Court's ruling on any dispositive motion.

VI. **Trial Readiness**

The case will be ready for trial by the later of February 1, 2005 or 60 days after the Court's ruling on any dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Plaintiff, Denise Correa**

6

By_____     Date:_____
    Caleb M. Pilgrim
    Federal Bar No. ct 14857
    LAW OFFICES OF CALEB M. PILGRIM, LLC
    1404 Whalley Avenue
    Second Floor
    New Haven, Connecticut 06516
    Tel: (203) 387-2524

**Defendant, United States Postal Service**

By_____     Date:_____
    Anna V. Crawford
    Fed. Bar No. ct01394
    Special assistant U.S. Attorney
    United States Postal Service
    8 Griffin Road North
    Windsor, CT 06006-0170
    Tel: 860-285-7309

### CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5(b), I hereby certify that a copy of the above was mailed on May 7, 2004 to Anna V. Crawford, Special assistant U.S. Attorney, United States Postal Service, 8 Griffin Road North,     Windsor, CT 06006-0170

                                                                  Caleb M. Pilgrim