*[handwritten margin note, left side, vertical]:*
*So ordered. Counsel of record. Robert N. Chatigny, U.S.D.J.*
*The endorsement of this letter and send copies of this endorsement to counsel of record, without a prefiling conference.*
*May 17, 2004. The Clerk will docket this letter and send copies of the proposed motion on or before June 18, 2004. Counsel may file the proposed motion on or before June 18, 2004.*

LAW DEPARTMENT
NORTHEAST AREA OFFICE

**UNITED STATES
POSTAL SERVICE**

RECEIVED

MAY 17  10 11 AM '04

CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

May 13, 2004

Honorable Robert V. Chatigny
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

      Re:    <u>Denise Correa v. John E. Potter</u>
              Civil Action No. 3:03CV1049 (RNC)

Dear Judge Chatigny:

      In accordance with the Court's Order on Pretrial Deadlines dated June 13, 2003, the Defendant, Postmaster General, wrote Plaintiff's counsel on May 3, 2004 about the Defendant's intention to file a motion to dismiss under FRCP 12(b)1, and the grounds for that motion. At this time, Defendant requests a prehearing conference to discuss the Defendant's motion. Defendant would like to file this motion in lieu of answering the Complaint. The general basis for the motion is as follows.

      Contrary to Plaintiff's allegation in Paragraph 5 of her Complaint, the Plaintiff never initiated administrative remedies under Title VII with regard to any of her discrimination claims regarding her federal employment. Under <u>Brown v. GSA, et al.</u>, 425 U.S. 820 (1976), and its progeny, exhaustion of administrative EEO remedies is required absent tolling circumstances not evidenced by the Complaint, or otherwise present in this case. <u>See</u> : <u>Briones v. Runyon</u>, 101 F.3d 287, 289-290 (2d Cir. 1996); <u>Van Zant v. KLM Royal Dutch Airlines, et al.</u>, 80 F.3d 708, 712 (2d Cir. 1996).

      Since Title VII is the exclusive, preemptive remedy for claims of discrimination in federal employment, the state and common-law claims pleaded in Counts IV-VII of the complaint are pre-empted by Title VII. <u>See</u> <u>Rivera v. Heyman</u>, 157 F.3d 101, 105 (2d Cir. 1998); <u>Colon v. USPS</u>, 95 F. Supp. 2d 85, 87-9 (D. Conn. 1999).

      In addition, the claims against the individual defendant, retired postal supervisor Ron DeMaida, cannot be brought in this Title VII action because the Postmaster General is the only proper party in a Title VII suit against the Postal Service.

6 GRIFFIN ROAD NORTH
WINDSOR, CT 06006-0170
FAX: (860) 285-7397