LAW DEPARTMENT
NORTHEAST LAW OFFICE


**UNITED STATES POSTAL SERVICE**

June 16, 2004

Kevin F. Rowe, Clerk
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

      Re:   Denise Correa v. John E. Potter
             Civil Action No. 3:03CV1049 (RNC)

Dear Mr. Rowe:

Enclosed please find for filing with the Court Defendant's Motion to Dismiss and Memorandum of Law in Support of Defendant's Motion to Dismiss with an accompanying affidavit and exhibit. The Motion and Memorandum are recorded on the enclosed floppy disk.

Sincerely,

KEVIN J. O'CONNOR,

*Anna Crawford*
Anna V. Crawford
Special Assistant U. S. Attorney

(860) 285-7309

Enclosure

cc:   Caleb M. Pilgrim, Esquire
       Carolyn Ikari, Esquire

8 GRIFFIN ROAD NORTH
WINDSOR CT 06006-0170
FAX: (860) 285-7397

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
DENISE CORREA,

    Plaintiff,

    v.

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE, AND
RON DEMAIDA

    Defendants.
-----------------------------------------------------------X

Civil Action No.
3:03CV1049 (RNC)

June 16, 2004

## DEFENDANT'S MOTION TO DISMISS

Defendant, John E. Potter, Postmaster General, United States Postal Service, respectfully moves to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, Defendant submits the accompanying Memorandum of Law and Declaration of Edward Tierney, with Attachment 1.

ORAL ARGUMENT NOT REQUESTED.

Respectfully submitted,

KEVIN J. O'CONNOR,
UNITED STATES ATTORNEY

*/s/ Anna Crawford*

ANNA V. CRAWFORD
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
860-285-7309
Federal Bar No. ct 01394

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
DENISE CORREA,

    Plaintiff,

    v.

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE, AND
RON DEMAIDA

    Defendants.
-----------------------------------------------------------X

Civil Action No.
3:03CV1049 (RNC)

June 16, 2004

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

    Defendant, John E. Potter, Postmaster General, United States Postal Service, respectfully submits this Memorandum of Law, and the Declaration of Linda Greaney, in support of his Motion To Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

    The court should dismiss this action because it lacks subject matter jurisdiction, or the Plaintiff fails to state claims upon which relief can be granted. Plaintiff failed to exhaust her administrative remedies with respect to her federal Title VII claims in Counts I-III of the Complaint. The various pendent common law claims alleged by Plaintiff in Counts IV through VII of the Complaint must also be dismissed because they are preempted by Title VII, which provides the exclusive remedy for Plaintiff's claims of federal employment discrimination.

### STATEMENT OF FACTS

    At all times relevant to the Complaint, Plaintiff, Denise Correa, was employed by the United States Postal Service as a clerk at the Waterbury Post Office, Waterbury, Connecticut. Complaint Paragraph 7. Plaintiff alleges that beginning in June 1995,

and continuing to February 2000, she was subjected to unwelcome sexual advances by her supervisor, Defendant, Ron DeMaida. Demaida retired in February 2000. Complaint Paragraphs 9-18. Plaintiff further alleges that she was made extremely uncomfortable by DeMaida's advances, and, she avoided him and/or recoiled from his advances. Complaint Paragraphs 10-15. In September 1999, DeMaida ceased utilizing Plaintiff as an acting supervisor or "204B". Plaintiff believes this was retaliation because she had ignored DeMaida or protested his advances. Complaint Paragraphs 20-24.

Plaintiff does not allege that she made complaints about DeMaida to any management official of the Postal Service until January 2000. At that time, she allegedly complained to the Plant Manager about morale on her tour or shift, preferential treatment accorded two female co-workers by DeMaida, and her failure to be utilized as a 204B. Complaint Paragraph 23. Thereafter, Plaintiff alleges that she filed an EEO complaint in February 2000.

A review of postal EEO records reveals that the Plaintiff contacted a postal Equal Opportunity ("EEO") Counselor/Investigator only once, on October 12, 2000. *See Declaration of Edward Tierney, attached hereto as Exhibit A*. At that time she alleged that on August 25, 2000, a female coworker uttered a racial slur toward her. Id. No mention was made of DeMaida or of any of the allegations she has raised in this civil action. Id. Plaintiff did not initiate any other EEO complaints.

Without initiating any administrative EEO activity with regard to the events alleged in this civil action, the Plaintiff filed suit on or about June 13, 2003.

2

## **ARGUMENT**

### A.  **12(b)(1) and (6) Standards**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. FRCP 12(b)(1). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists. Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). When considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, all material factual allegations in the complaint must be taken as true. Atlantic Mutual Insurance Co. v. Balfour Maclaine International, 968 F.2d 196, 198 (2d Cir. 1992).

Evidence outside the pleadings may properly be considered to determine the existence of subject matter jurisdiction. Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), cert. granted, vacated on other grounds, 505 U.S. 1215 (1992); Deluca v. Mystic River Marina, Inc., 976 F. Supp. 127, 128 (D. Conn. 1997). Accordingly, Defendant Potter attaches hereto as Exhibit A, the Declaration of Edward Tierney, to authenticate portions of the administrative EEO record in support of Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true the complaint's factual allegations and must draw all reasonable inferences in favor of the plaintiff. Ziemba v. Slater, 36 F. Supp. 2d 81 (D. Conn. 1999). A court may grant a motion to dismiss under 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., citing Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

B. **The Court Should Dismiss Plaintiff's Title VII Claims for Failure To Exhaust Administrative Remedies.**

Exhaustion of administrative remedies is a condition precedent to the initiation of a civil action in federal court on a claim of employment discrimination in federal employment violative of Section 717 of Title VII, 42 U.S.C. § 2000e-16 (race, color, religion, sex, national origin, or reprisal). Brown v. General Services Administration, 425 U.S. 820, 832 (1976); Stewart v. U.S. Immigration and Naturalization Service, 762 F.2d 193, 197 (2d Cir. 1985); Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990); DiMaggio v. United States Postal Service, 643 F. Supp. 1, 6 (D. Conn. 1984).

Exhaustion of administrative remedies includes complying, in a timely manner, with the regulations governing the processing of complaints. See, e.g., Dillard v. Runyon, 928 F. Supp. 1316, 1323 (S.D.N.Y.), aff'd., 108 F.3d 1369 (2d Cir. 1997); Jensen, 912 F.2d at 520. Compliance with these regulatory time limits is required at all stages of the administrative process. These regulations, which were promulgated by the Equal Employment Opportunity Commission (EEOC), appear in 29 C.F.R. Part 1614. In this case, the applicable provision is 29 C.F.R. § 1614.105(a)(1), which states, in pertinent part, that an aggrieved person:

> [M]ust initiate contact with a [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action.

Under 29 C.F.R. § 1614.107 (b), the Agency shall dismiss a complaint that fails to comply with time limits contained in § 1614.105.

A plaintiff's failure to timely exhaust her administrative remedies bars a civil action based on that alleged discriminatory act. See e.g., Knowles v. Postmaster

4

General, U.S. Postal Service, 656 F. Supp. 593, 597 (D.Conn. 1987); Dillard v. Runyon, 928 F. Supp. 1316, 1324 - 25 (S.D.N.Y.), aff'd., 108 F.3d 1369 (2d Cir. 1997); Cano v. United States Postal Service, 755 F.2d 221, 223 (1st Cir. 1985); Benford v. Frank, 943 F.2d 609 (6th Cir. 1991); McGuinness v. United States Postal Service, 744 F.2d 1318, 1320 (7th Cir. 1984); Gardner v. Morris, 752 F.2d 1271, 1278 (8th Cir. 1985); Boyd v. United States Postal Service, 752 F.2d at 414 (9th Cir. 1985); Johnson v. Orr, 747 F.2d 1352, 1356-7 (10th Cir. 1984).

The attached declaration of Edward Tierney makes clear that Plaintiff did not initiate any EEO proceedings regarding the Title VII claims underlying this civil action. Since Plaintiff failed to commence or exhaust administrative EEO remedies as to her claims of sexual harassment, gender discrimination and reprisal, Counts I-III should be dismissed.

### C.  The Postmaster General Is The Only Proper Party To A Title VII Suit Against The Postal Service

In addition to John E. Potter, the Postmaster General, Plaintiff named Ron DeMaida as a federal defendant. Under 42 U.S.C. § 2000e-6(c), as interpreted by this court and others, the Postmaster General is the only proper defendant in a suit alleging violations of Title VII. DiMaggio v. United States Postal Service, 643 F. Supp. 1, 5 (D. Conn. 1984). Therefore, the court should dismiss the complaint as to the individual defendant, Ron DeMaida.

### D.  Plaintiff's Remaining Common Law Claims are Preempted by Title VII

In Counts IV through VII, Plaintiff repeats the factual allegations supporting her Title VII claims in Counts I-III, and alleges that the same facts support recovery on various common law theories, including intentional infliction of emotional distress,

negligent infliction of emotional distress, breach of contract, and negligent supervision.

This court and other courts have held repeatedly that, under Brown v. General Services Administration, 425 U.S. 820, (1976) and its progeny, such state and common law claims are pre-empted by Title VII.  See:  Rivera v. Heyman, 157 F.3d 101, 104-105 (2d Cir. 1998); Colon v. U.S.P.S., 95 F. Supp. 2d 85, 87 (D. Conn. 1999); Serrano v. Runyon, 1997 U.S. Dist. LEXIS 18422 (D. Conn. 1997).  Because Title VII provides the sole remedy for federal employees who assert claims of employment discrimination, Counts IV through VII of the complaint should be dismissed.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss this action, and grant the Defendant such other relief as the Court deems proper.

Respectfully submitted,

KEVIN J. O'CONNOR,
UNITED STATES ATTORNEY

*/s/ Anna Crawford*
ANNA V. CRAWFORD
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
860-285-7309
Federal Bar No. ct 01394

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Motion to Dismiss and Memorandum of Law in Support of Defendant's Motion to Dismiss was sent by First Class Mail on this 16th day of June, 2004 to the following:

**Plaintiff's Representative**

Caleb M. Pilgrim, Esquire
1404 Whalley Avenue, 2nd Floor
New Haven, CT  06515

**U.S. Attorney's Office**

Carolyn A. Ikari
Assistant Us Attorney
District Of Connecticut
450 Main St, Rm. 328
Hartford, CT 06103-3002

*Anna V. Crawford*
Anna V. Crawford

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------X
DENISE CORREA,

    Plaintiff,

    v.                               Civil No.3:03CV1049(RNC)

JOHN E. POTTER,
POSTMASTER GENERAL OF THE
UNITED STATES POSTAL SERVICE, and
RON DeMAIDA

    Defendants.
-----------------------------------------------X

## DECLARATION OF EDWARD TIERNEY

    I, Edward Tierney, make the following declaration in lieu of an affidavit, as permitted by 28 U.S.C. § 1746.

1.    I am over the age of 18 years of age and understand the obligations of an oath. I understand and intend for this declaration to be introduced as evidence in the above-captioned case. This declaration is made upon knowledge obtained as a result of my review of official records of the United States Postal Service.

2.    My title with the United States Postal Service is Manager, EEO Dispute Resolution, and as part of my job I have access to and custody of official postal EEO records at the Connecticut District EEO Office in Hartford, Connecticut.

3.    I certify that the annexed record is a true and correct copy of official postal records in my custody, or to which I have access.

4.    Attachment A is a postal EEO form entitled "Information for Pre-Complaint Counseling" which the Plaintiff, Denise Correa, filled out on or about October 17,

**EXHIBIT A**

2000 alleging that on August 25, 2000, another employee uttered a racial slur toward her. This matter was resolved on November 28, 2000.

5.     There is no record that Plaintiff initiated EEO proceedings on any other matter alleging sexual harassment or any other basis of discrimination.

I certify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on June 15, 2004.

*Edward Tierney* (signature)
Edward Tierney

2

**U.S. Postal Service**
# Information for Precomplaint Counseling

| Certified No. 7099 3220 0009 7973 7106 | or Hand Delivered On |
|---|---|
| By (Initials) | Informal No. 01058 |

**Important:** Please Read Carefully. This is the only notification that you will receive regarding the necessity for you to complete this form. This form should be completed and returned to the EEO Office within 10 calendar days.

On __10/12/2000__ , you requested an appointment with an EEO Counselor.
Month, Day, Year

## A. Requester Information

| Name (Last, First, MI) | Social Security No. | Home Telephone No. |
|---|---|---|
| Correa, Denise | 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 | 203-591-9001 |

Mailing Address: 31 Sharon Road Apt 7, Waterbury, CT 06705-4005

| Postal Facility Where You Work | Position Title | Grade Level | Office Telephone No. |
|---|---|---|---|
| Waterbury Plant | ~~LSM~~ FSM/Clerk | 6 | 574-6539 |

| Pay Location | Tour | Off Days (If Tour I, Show Nights Off) | Duty Hours |
|---|---|---|---|
| 120 | 1 | Sat/Sun | 40 |

Employment Status (Check One): ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career

Time in Current Position: 13 Years  10 Months

## B. Discrimination Factors

In the Postal Service, prohibited discrimination includes actions taken based on your Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or Retaliation (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging (Be Specific; Describe, i.e., Race-Black, Sex-Female)?

*Racial Slur*

RECEIVED OCT 20 2000 EEO OFFICE

**For Retaliation Allegations Only:** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On _____ , I engaged in EEO activity. Case No.: _____
2. On _____ , I engaged in EEO activity. Case No.: _____

## C. Description of Incident/Activity

Please use the space below to briefly describe the incident or activity which prompted you to seek EEO counseling at this time.

On __Aug. 25, 2000__ , the following occurred: An employee got mad and called me a Puerto Rican Bitch. She was lucky that she was not to close to me because I would have smack her face for that. Enclose is a copy that of a statement I wrote and gave to my immediate supervisor. (R. Cohen)

TransFORM PS Form 2564-A, June 1998 (Page 1 of 3)

**ATTACHMENT 1**

Explain why you believe, based on the factors you cited in Section B, that you were treated differently than other employees in similar situations.

1. _____   _____
   (Name of Employee)                  (Factor(s) describing employee, i.e., Race-Black, Sex-Female)
   was treated differently than I when:

2. _____   _____
   (Name of Employee)                  (Factor(s) describing employee, i.e., Race-Black, Sex-Female)
   was treated differently than I when:

3. _____   _____
   (Name of Employee)                  (Factor(s) describing employee, i.e., Race-Black, Sex-Female)
   was treated differently than I when:

**D. Officials Responsible for Action**

Provide the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name | b. Title |
|---|---|
| c. Office | d. Grade Level |
| 2a. Name | b. Title |
| c. Office | d. Grade Level |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity (Explain)?   ☐ Yes   ☐ No

**E. Resolution Sought**

What are you seeking as a resolution to your complaint? *As I told management Cindy Chicano should be suspended for her action after said she was issue a 7 day suspension but nothing was done. 7 day is kind of harsh I would be satisfied if gets a one day sus*

**F. Grievance/MSPB Appeal**

On the incident which prompted you to seek EEO counseling, have you:

1. Filed a grievance on the issue?        ☐ No   ☒ Yes   If yes, *Aug. 25 2000*   *advised me immediately*
                                                               (Date)                  (Step)
2. Filed an MSPB appeal on this Issue?    ☐ No   ☐ Yes   If yes, _____
                                                                (Date Filed)
3. Veteran's Preference?                  ☐ No   ☐ Yes   If yes, number of points _____

TransFORM PS Form 2564-A, June 1998 (Page 2 of 3)

### G. Anonymity

You have the right to remain anonymous at the Counseling stage of EEO Complaint Processing.

Do you desire anonymity?   ☐ Yes   ☒ No

### H. Representation

You have the right to retain representation of your choice. (Check One)

☐ I authorize the person listed below to represent me.

_____    _____
(Name of Representative)                                        (Title)

_____
(Organization)

_____
(Mailing Address)

_____    _____
(City/State/ZIP + 4)                                            (Telephone Number)

☒ I waive the right to representation at this time.

### I. Privacy Act Statement

**Privacy Act Notice.** The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C. sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) which caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, you MUST submit medical documentation of your disability at this time or during counseling.

### K. Authorization

Your Signature: *Denise L. Correa* (signature)     Date: Oct. 17, 2000

Return To:

EEO COMPLAINTS PROCESSING
US POSTAL SERVICE
141 WESTON STREET
HARTFORD                                CT    06101-9421

---

**NOTICE: COMPLETE THIS SECTION ONLY IF YOU NO LONGER SEEK EEO COUNSELING**

I hereby request that you close this file from processing. I fully understand that this complaint file will not be reopened once closed, and I waive my right to any further EEO Appeal on this matter. I stipulate that my decision not to pursue counseling is voluntary and did not result from threat, coercion, intimidation, promise or inducement.

Your Signature: _____    Date: _____

TransFORM PS Form 2564-A, June 1998 (Page 3 of 3)

8-29-00

On Aug. 25 on or about 5:25 A I was sweeping out my Sgt. case and Cindy Ricard made a comment "Why is she sweeping out" and I ignored her so when everyone was finish passing down Sgt. I was putting B/C mail on rack and Cindy was telling R. Coke that I swept my case and didn't wait to pass down and that I do that all the time. So I heard her and I explained to her that I was finish w/ my Sgt. and no one else had any mail except what they had in their hand so instead of standing around I swept my case; then she started to get loud and said I'm not suppose to do that, and I said yes I could that if they threw quicker she could do the same; then as I was walking away she said "You Puerto Rican Bitch"

So I went up to her and said "Don't you ever bring my nationality into anything. That was uncalled for and I did not appreciate it." I feel she should get disciplined for that and it certainly calls for at least a one day suspension. Seeing that she did apologize the next day, but I feel a one day suspension is time enough, then she'll think twice about ever calling anyone else with a racial slur. If this situation is not handled with a one day suspension then I will contact EEO and put in a racial complaint.

Denise Correa
Tour 1