UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JAN 21  A II: 58

U.S. DISTRICT COURT
HARTFORD, CT.

DENISE CORREA,                    :

        Plaintiff,                :

                                  :

V.                                :     CASE NO. 3:03-CV-1049 (RNC)

                                  :

JOHN E. POTTER, POSTMASTER        :
GENERAL, and RON DEMAIDA,         :

        Defendants.               :

RULING AND ORDER

Plaintiff, an employee of the United States Postal Service, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against the Postmaster General, John E. Potter, and Ron DeMaida, plaintiff's former supervisor, claiming that DeMaida sexually harassed her and retaliated against her when she complained.  She also asserts state law claims for negligent supervision and negligent and intentional infliction of emotional distress.  Pursuant to 42 U.S.C. § 2000e-16(c), the Postmaster General is the only proper defendant with regard to the Title VII claims.  See DiPompo v. West Point Military Acad., 708 F.Supp. 540, 546-47 (S.D.N.Y. 1989).  He has moved to dismiss those claims on the ground that plaintiff has failed to exhaust administrative remedies.  See Briones v. Runyon, 101 F.3d 287, 289-90 (2d Cir. 1996).  The motion is supported by a sworn

affidavit of Edward Tierney, manager and custodian of records for the Postal Service's Hartford office of Equal Employment Opportunity Dispute Resolution, which states that there is no record of plaintiff complying with the requirement that she initiate EEO proceedings with regard to the events alleged in the complaint.  See 29 C.F.R. § 1614.105(a)(1).  The motion also seeks dismissal of the state law claims on the ground that they are preempted by Title VII.

No memorandum in opposition to the motion to dismiss has been filed.  Under Local Civil Rule 7(a)1, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."  The complaint contains a conclusory allegation that plaintiff has "exhausted all rights of redress available under the . . . Postal Service's Rules and Regulations."  Complaint, ¶ 5.  This unsworn allegation, viewed in light of the Tierney affidavit, is insufficient to raise an issue of fact concerning the exhaustion issue.

Accordingly, the motion to dismiss the Title VII claims is granted, and those claims are hereby dismissed with prejudice for failure to state a claim on which relief can be granted.  The federal claims having been dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice.  See Harrison v. Potter,

323 F.Supp.2d 593, 605-06 (S.D.N.Y. 2004).[1]

The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 20th day of January 2005.

Robert N. Chatigny
United States District Judge

---

[1] The Court ventures no opinion as to whether those claims are or are not preempted.