UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
DENISE CORREA,

    Plaintiff,

    v.

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE, AND
RON DEMAIDA

    Defendants.
------------------------------------------------------------X

Civil Action No.
3:03CV1049 (RNC)

March 4, 2005

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL

Defendant, John E. Potter, Postmaster General, United States Postal Service, objects to the Plaintiff's Motion to Set Aside Dismissal for the following reasons.

Counsel for Plaintiff claims that he never received Defendant's Motion to Dismiss filed on June 17, 2004, and only learned of it when the Court issued a Notice of Dismissal on January 21, 2005. Counsel's assertions lack credibility given the fact that he was served with other filings which alerted him to the impending motion a month before it was filed.

The docket is a readily accessible public record. Had counsel consulted it, it would have confirmed that by letter dated May 13, 2004 (Document No. 14), the Defendant requested the Court's permission to file a Motion to Dismiss in lieu of answering the complaint, and informed the Court that a letter was sent to counsel dated May 3, 2004 which outlined the grounds for the Defendant's proposed Motion to Dismiss. On May 17, 2004, the Court granted the Defendant's request and ordered that the Defendant file his motion on or before June 18, 2004 (Document No. 15). Mr. Pilgrim does not claim to have not received any of these documents alerting him about Defendant's Motion and that it was required to be filed by June 18, 2004.

In fact, as stated in the certification attached to Defendant's Motion, Plaintiff's attorney was served with the motion by mail on June 16, 2004 at the same address to which Defendant mailed every other pleading. (See last page of Document No. 16).

Plaintiff's attorney asks this Court to believe that, despite receiving notice from the Defendant that he intended to file a motion, and despite the Court's order requiring the Defendant to file his Motion by June 18, 2004, and having received no Motion for Enlargement with regard to this deadline, that he was taken by surprise seven months later when he learned a motion had been filed in the case. At the very least, given the earlier filings which Plaintiff's attorney does not claim to have not received, he was on inquiry notice to check the docket to see if, in fact, a Motion to Dismiss had been filed.

The Defendant respectfully submits that the Plaintiff's motion is unfounded, and requests the Motion be denied. Moreover, as set forth in Defendant's Motion, which is fully supported by an affidavit and documents, the civil complaint filed by Plaintiff's counsel is inaccurate with regard to the claim that Plaintiff exhausted her administrative remedies. Therefore, setting aside the dismissal would be fruitless.

Respectfully submitted,

KEVIN J. O'CONNOR,
UNITED STATES ATTORNEY

*Anna V. Crawford*
ANNA V. CRAWFORD
Special Assistant U.S. Attorney
United States Postal Service
Northeast Area Law Office
8 Griffin Road North
Windsor, CT 06006-0170
Tel: 860-285-7309
Fax: 860-285-7397
Federal Bar No. ct 01394

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Agency's Objection to Plaintiff's Motion to Set Aside Dismissal was mailed by First Class Mail this 4th day of March, 2005 to:

Caleb M. Pilgrim, Esquire
1404 Whalley Avenue, 2nd Floor
New Haven, CT 06515

Carolyn Ikari
Assistant U.S. Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103-3002

*Anna V. Crawford*
Anna V. Crawford