UNITED STATES DISTRICT COURT  *FILED*
DISTRICT OF CONNECTICUT

DENISE CORREA,          :     CIVIL NO. 3:03CV1049 (RNC)
     **Plaintiff**          :
                   :    2005 FEB 22 P
**POSTMASTER, U.S. POSTAL**   :     U.S. DISTRICT COURT
**SERVICE**                   :    **JURY TRIAL REQUESTED**
     **Defendant**      :
                   :    **FEBRUARY 18, 2005**

### PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL

Plaintiff, through counsel undersigned, hereby moves this Court to set aside the dismissal entered by this Court on or about January 21, 2005. In support of this Motion, Plaintiff hereby represents as follows:

1.     No copy of the Defendant's Motion to Dismiss was ever served, or received in this office, up to and including the present time, as attested to in the attached Affidavits. (Exhibits A, B and C)

2.     FRCP 5(a) provides in pertinent part that "Except as otherwise provided in these rules, every pleading subsequent to the original complaint. . .

---

April 25, 2005

Correa v. Potter, No. 3:03-CV-1049(RNC)

Re: Plaintiff's Motion to Set Aside Dismissal [doc. # 19]

Denied without prejudice. Plaintiff's motion fails to provide a basis for relief under Fed. R. Civ. P. 60(b). Even assuming plaintiff's counsel never received Potter's motion to dismiss, as he contends, the court's order granting Potter's request to file the motion put him on notice that the motion would be filed, and he had an obligation to monitor the status of the case, as the court noted in its ruling and order granting plaintiff's motion for an extension of time to serve the complaint beyond the 120 days permitted by Fed. R. Civ. P. 4(1) [doc. # 6]. More importantly, plaintiff still offers no evidence to rebut the defendant's showing that she failed to exhaust her administrative remedies before filing this suit. Any further motion to set aside the dismissal must be filed and served on or before May 20, 2005, and must be supported by an affidavit of plaintiff's counsel establishing a basis for relief under Fed. R. Civ. P. 60(b), plus evidence showing that plaintiff did exhaust her administrative remedies. So ordered.

_____
Robert N. Chatigny   U.S.D.J.

03CV1049eNC